UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR J. GALLAGHER & CO.; ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, LLC; and GALLAGHER IP SOLUTIONS LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>GREAT AMERICAN E&S INSURANCE COMPANY,<br><br>  Defendant. | Case No. 1:25-CV-04474<br><br>Hon. Matthew F. Kennelly |

**GALLAGHER'S EMERGENCY MOTION
FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Arthur J. Gallagher & Co. ("AJG"), Arthur J. Gallagher Risk Management Services, LLC ("Gallagher Risk"), and Gallagher IP Solutions LLC ("GIPS") (collectively "Gallagher"), by and through their attorneys Riley Safer Holmes & Cancila LLP and Foley & Lardner LLP, hereby moves this Court for a temporary restraining order and preliminary injunction against Defendant Great American E&S Insurance Company ("Great American").

For the reasons set forth below and in Gallagher's accompanying Memorandum of Law, Gallagher seeks a temporary restraining order and a preliminary injunction (1) enjoining Gallagher's compelled participation in an American Arbitration Association ("AAA") arbitration between Great American and UMB Bank, National Association ("UMB"), Case No. 01-24-0006-0668 (the "Arbitration"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and (2) quashing the Arbitration Summons to Produce Documents and Testify issued in the Arbitration (the "Summons") pursuant to Fed. R. Civ P. 45.

In support of this Motion, Gallagher states as follows:

1. Gallagher seeks to restrain and enjoin Gallagher's compelled participation in an arbitration proceeding that Gallagher never agreed to join, and to quash a facially improper arbitration summons.

2. The Arbitration was commenced pursuant to an arbitration clause in an insurance policy to which Gallagher is not a party, and the Arbitration is now proceeding pursuant to an amended arbitration agreement into which Gallagher expressly declined to enter. Nonetheless, Great American improperly moved to join Gallagher as a party to the Arbitration, and the arbitrator, improperly and without jurisdiction over Gallagher, granted Great American's request. Gallagher never agreed to arbitrate any dispute with Great American or UMB. Gallagher is not a party to any contract with Great American or UMB that contains an arbitration clause. There is no basis in fact or law to force Gallagher to arbitrate under these circumstances.

3. The arbitrator also issued the Summons, which purports to compel Gallagher to produce a corporate representative for deposition in accordance with Fed. R. Civ. P. 30(b)(6) and to produce documents in pre-hearing discovery. This Summons greatly exceeds the bounds of what is permissible under the FAA and should be quashed.

4. Gallagher is entitled to a temporary restraining order and a preliminary injunction because it has suffered and will suffer irreparable harm if its compelled participation in the Arbitration is not enjoined; because it has no adequate remedy at law; and because it has a strong likelihood of succeeding on the merits of its claims. Furthermore, the balance of harms and the public interest strongly support the issuance of temporary and preliminary relief in this case.

5. Gallagher respectfully requests an immediate hearing on the temporary restraining order and a timely hearing on the preliminary injunction.

6. The legal arguments and authorities supporting this Motion are set forth in Gallagher's accompanying Memorandum of Law.

WHEREFORE, Gallagher respectfully requests that this Court grant its Motion, including the following specific relief:

    a. An order temporarily and preliminarily restraining and enjoining Gallagher from being compelled to participate in the Arbitration between Great American and UMB;

    b. An order quashing the defective Arbitration Summons to Produce Documents and Testify;

    c. An order awarding Gallagher its attorneys' fees and costs; and

    d. Such other and further relief as this Court deems just and proper.

Dated: April 24, 2025

*/s/ Ronald S. Safer*
Ronald S. Safer
Eli J. Litoff
Shaun Zhang
RILEY SAFER HOLMES AND CANCILA, LLP
1 S. Dearborn St., Suite 2200
Chicago, IL 60603
(312) 471-8700
rsafer@rshc-law.com
elitoff@rshc-law.com
szhang@rshc-law.com

Michael C. Kasdin
Jesse L. Byam-Katzman
Foley & Lardner LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654
(312) 832-4500
mkasdin@foley.com
JByam-Katzman@foley.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document has been furnished via E-Mail to the following:

| | |
|---|---|
| James P. Ruggeri<br>Edward B. Parks, II<br>RUGGERI PARKS WEINBERG LLP<br>1875 K Street NW, Suite 800<br>Washington, DC 20006<br>(202) 984-1400<br>jruggeri@ruggerilaw.com<br>eparks@ruggerilaw.com | Alexander E. Potente<br>CLYDE & CO US LLP<br>150 California Street, Suite 1500<br>San Francisco, CA 94111<br>(415) 365-9800<br>alexpotente@clydeco.us |

*Counsel for Great American E&S Insurance Company*

Peter M. Gillon
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
(202) 663-9249
peter.gillon@pillsburylaw.com
Edward.flanders@pillsburylaw.com

*Counsel for UMB Bank, National Association*

Peter K. Rosen
JAMS, INC.
prosen@jamsadr.com

*Arbitrator*

Dated: April 24, 2025                                                                 */s/ Eli J. Litoff*